# Richmond

## TABB v. CITY OF RICHMOND

March 12, 1914.

Absent, Cardwell, J.

1. TAXATION—*Exemption—Strict Construction.*—Exemptions from taxation by the State are strictly construed and in a doubtful case a claim of exemption should be denied.

2. TAXATION—*Sick Benefit Companies—Agents—Act, March* 16, 1910. While the act of March 16, 1910, exempts sick benefit companies and associations from all local taxation, it does not exempt the agents of such companies from such taxation. By the terms of the act they are subject to the laws governing agents of insurance companies, and the latter are plainly taxable. Such a license tax is not a tax on the companies; at least the agents are not plainly exempt from taxation.

Error to a judgment of the Hustings Court of the city of Richmond.

*Affirmed.*

The opinion states the case.

*L. T. W. Marye,* for the plaintiff in error.

*H. R. Pollard* and *Geo. Wayne Anderson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The plaintiff in error was the district superintendent for the city of Richmond of the Southern Mutual Aid Association, an industrial sick benefit company organ-

ized under the laws of the State of Alabama, and whose home office is in Birmingham in that State. The association has an office in the city of Richmond, in charge of the plaintiff in error, who reports to the State superintendent at Norfolk, Va., where the principal office of the association in this State is located His business as district superintendent was to manage the solicitors of the association in Richmond, to forward to the home office in Birmingham, Alabama, the applications for insurance taken by the solicitors, and to the chief office for Virginia, at Norfolk, the premiums collected by the solicitors, and generally to superintend the affairs of the association in the city of Richmond. He did not solicit applications for insurance.

The city of Richmond imposed upon the plaintiff in error a tax of one hundred dollars, as agent for the Southern Mutual Aid Association, which tax was not paid, and thereupon a warrant was issued by the city of Richmond for acting as agent without having first obtained a license, and a judgment for a fine was imposed by the police justice. From this judgment an appeal was taken to the hustings court of the city, where a fine of $25.00 was imposed, and to that judgment a writ of error was awarded by this court.

The ordinance under which the warrant was issued provides (Chap. 15, Richmond City Code 1910, p. 104), that "No person other than a salaried officer acting in behalf of an insurance company, whose principal office is situated in this city, and taxed upon its capital and assets, shall engage in the business of soliciting or receiving applications for insurance in any insurance company, or receiving and forwarding directly or indirectly, through any agent theeof, payments of premiums on policies already issued by any insurance company, without obtaining a license.

"Every person engaged in such business and communicating directly or indirectly through any other than its licensed resident agent, with an insurance company whose principal office is not situated in the city, shall be deemed an agent of such company. All other persons engaged in such business shall be deemed sub-agents."

It then provides a schedule of license taxes, and for the fifth class of agents the fee prescribed is $100. Plaintiff in error was assessed in the fifth class, and continued to conduct his business as agent without paying the tax.

The general power of the city to tax and to require licenses to be taken out is not disputed. The contention of plaintiff in error arises under section 5 of an act approved March 16, 1910, entitled an act "To define and classify industrial sick benefit companies and associations," Acts of Assembly 1910, p. 438, which declares: "Every association or joint stock company embraced in the first section of this act shall pay a specific license tax of two hundred dollars *per annum* for the privilege of carrying on its business in this State, and in addition to such specific license tax shall pay a sum equal to one dollar ($1.00) on every two hundred dollars of gross premiums, dues or assessments collected, or obligations taken therefor, derived from its business in this State, which fees, licenses and taxes shall be paid in the same manner and at the same time as is required by law of the regular life insurance companies, and said companies shall be exempt from the payment of all town, county and municipal licenses, taxes and fees; . ."

We think it is clear that the effect of this section is to relieve the association itself from all other taxes save that imposed in the language just quoted. Payment of the specific license tax of two hundred dollars, together with a tax of one dollar on every two hundred dollars of gross premiums, dues or assessments collected, or obli-

gations taken therefor, derived from its business in the State, exempts the association from the payment of all town, county and municipal license taxes and fees; indeed, we do not understand that the city of Richmond controverts this proposition. The contention on its part is that the plaintiff in error is an insurance agent doing business within the city, and that the tax imposed by it upon him is a privilege or occupation tax against him as an individual; that the act in question does not exempt the agents from such occupation tax, but on the contrary expressly subjects them to the laws governing insurance agents, and in support of this proposition the last clause of section 5 of the act above quoted is relied upon, which says: "Every agent, canvasser or solicitor representing any company qualified to transact business under this act shall be subject to the laws governing agents of insurance companies."

To this plaintiff in error replies that the association of which he is an officer and an agent can only do business, and does only do business, through agents; and that a tax upon an agent for transacting a particular business is in effect a tax upon the business. In other words, that a tax upon him is in effect a tax upon the Southern Mutual Aid Association, and in contravention, therefore, of the terms of the exemption which we have already quoted.

The precise question, then, for our determination is: Is the ordinance of the city of Richmond valid as imposing a license for a privilege or occupation exercised or carried on within its limits, or is the agent conducting the business of the association protected by the exemption referred to?

The decisions of this court, and we think of all courts, construe with great strictness all exemptions from taxation.

In *Orange & Alexandria R. Co.* v. *City Council of Alexandria,* 17 Gratt. (58 Va.) 176, it is said, that "while it is true that laws conferring the power of taxation upon municipal corporations are to be construed strictly, it is also true that exemptions from taxation are to be construed strictly; and where the power of taxation has once been conferred, it is not to be crippled or destroyed by strained interpretations of subsequent laws."

In *Tucker* v. *Ferguson,* 22 Wall. 527, 22 L. Ed. 805, while the principle was maintained that the taxing power may be restrained by contract in special cases for the public good, where such contracts are not forbidden, it is said that such a contract is to be rigidly scrutinized, and never permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require.

And in *Chicago, &c. R. Co.* v. *State of Missouri,* 120 U. S. 569, 7 Sup. Ct. 693, 30 L. Ed. 732 it was said by Mr. Justice Harlan of the Supreme Court, that "It is the settled doctrine of this court that an immunity from taxation by the State will not be recognized unless granted in terms too plain to be mistaken."

The principle is, however, too well established to render any extensive citation of authority necessary or proper. It would seem, therefore, that in a doubtful case a claim of exemption should be denied.

In the case before us the general power of taxation in the city is, as we have said, not denied. The language of section 5 of the act of March 16, 1910, relied upon as exempting the association from any tax other than that provided in that section is very comprehensive and beyond question relieves the association itself from every other form of taxation; but that section also provides, that "every agent, canvasser or solicitor representing any company qualified to transact business under this

act shall be subject to the laws governing agents of insurance companies.''

The act approved March 16, 1910, as its title imports, was passed for the purpose of defining and classifying industrial sick benefit companies and associations, and the clause under consideration provides that every agent, canvasser or solicitor of any company (that is to say, any industrial sick benefit company or association) shall be subject to the laws governing agents of insurance companies; but insurance companies as there used embrace a far more numerous class than industrial sick benefit companies or associations. That the agents of insurance companies generally are subject to license taxes cannot be disputed, and while the act—indeed, the very section of the act—under which the exemption is claimed places the agents for that class of insurance asserting the exemption upon the footing of agents of insurance companies which are not exempt, it tends to indicate that the legislative purpose was not to forbid the imposition of a license tax for the privilege or occupation of being an agent for the company, though the company itself was exempted. This much, at least, may be stated with confidence, that the exemption is not granted ''in terms too plain to be mistaken.''

We are, therefore, of opinion that the judgment of the hustings court should be affirmed.

*Affirmed.*